**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**

| | |
|---|---|
| JANET HALBERT,<br><br>    Plaintiff,<br><br> v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | **MEMORANDUM ORDER**<br><br>Civil Action No.<br>7:16-cv-167-JMH |

\*\* \*\* \*\* \*\* \*\*

On July 11, 2019 the Court reversed the Commissioner's decision regarding the plaintiff's disability redeterminations, remanded the case pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings, and ordered plaintiff's benefits to be reinstated. (DE 32 & 33). Plaintiff's counsel now moves for attorney's fees in the amount of $15,603.88. (DE 36). The motion is unopposed.[1] (DE 39).

The Court is authorized to award attorney's fees following the successful prosecution of a Social Security disability appeal. *See* 42 U.S.C. §§ 406(b)(1), 1383(d)(2). However, the fees may not exceed 25% of the past-due benefits which the claimant

---

[1] By conceding to the reasonableness of the attorney fees and not opposing the plaintiff's motion on procedural grounds (*i.e.*, its late filing), the Court will find that the Commissioner does not object to the Court's consideration of this motion on the merits. *See* DE 39 at 4, n.2. In any case, the Court concludes that good cause exists for counsel's late filing. *See* DE 40 at 2.

receives as a result of the appeal. *Id.* Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Upon consideration of the appropriate factors and in light of the Commissioner's determination not to oppose the merits of the motion, the Court concludes that the requested fee is reasonable. It is less than 25% of the past due benefits, plaintiff signed a fee agreement consistent with the requested fee, the requested fee does not reflect a rate of compensation more than twice the standard rate, and it cannot be said that plaintiff's counsel was ineffective or expended minimal effort in the case.

Finally, while the Court determines that the amount sought — $ 15,603.88 — is a reasonable fee, the Court recognizes that on appeal, the SSA might make (or may have already made) a less than favorable decision; therefore, the SSA could elect to use the past-due benefits that flow from the less favorable decision when recalculating the past-due benefits. As such, counsel may be ordered to refund the difference should the SSA reduce the fee it previously authorized.[2] Accordingly,

---

[2] POMS GN 03920.030 Representative's Fee - Title II Past-Due Benefits , *available at*: https://secure.ssa.gov/apps10/poms.nsf/lnx/0203920030#b.

IT IS ORDERED AS FOLLOWS:

(1) Plaintiff's motion for a § 406(b) fee award (DE 36) is **GRANTED**;

(2) Subject to a less favorable decision already rendered, counsel is **AWARDED** the requested sum of $15,603.88 in attorney's fees; and

(3) as no further matters remain pending for review, this matter is **STRICKEN** from the Court's active docket.

Dated August 3, 2021



Signed By:
Joseph M. Hood
Senior U.S. District Judge